[Civ. No. 13815.   Second Dist., Div. Three.   May 10, 1943.]

C. E. RIDLEY, Appellant, v. A. R. PELLETIER,
Respondent.

[Civ. No. 13851.   Second Dist., Div. Three.   May 10, 1943.]

C. E. RIDLEY, Respondent, v. A. R. PELLETIER,
Appellant.

Carson B. Hubbard and Austin Clapp for Plaintiff and Appellant.

Will H. Winston for Defendant and Appellant.

SHINN, Acting P. J.—C. E. Ridley sued A. R. Pelletier for money and in a trial before the court was awarded judgment of $1,232.01. Pelletier has appealed because he thinks the judgment should have gone in his favor; Ridley has appealed because he thinks it was for too little. From a study of the briefs and the two records upon which the appeals are separately presented, we have concluded that neither appeal is meritorious and that the judgment should be affirmed as rendered.

In the first cause of action of the amended complaint plaintiff alleged that he had sold goods to and had paid out moneys at the request and for the use of defendant in the sum of $1,943.33, of which the sum of $1,432.28 remained unpaid.

The court found that defendant did owe this sum at the time of the commencement of the action but that he had paid the same to plaintiff on October 22, 1941, some 13 days after the filing of the complaint. By the judgment plaintiff was awarded $5.29 interest on this cause of action.

In the second cause of action it was alleged that plaintiff had loaned defendant the sum of $300 on June 24, 1940. The court found that this sum had been repaid on October 22, 1941, and awarded plaintiff judgment for $16.50 as interest and $47.47 as attorney's fees.

The third cause of action alleged that plaintiff had loaned to defendant $830 and that only the sum of $70 had been repaid. It set out a contract which recited the making of the loan and which contained a provision for the payment to plaintiff of liquidated damages in the event defendant failed to perform certain obligations which he assumed by the contract, and attorney's fees in case of suit. The court found that after the commencement of the action defendant paid plaintiff an additional $207. Plaintiff was awarded the sum of 77 cents as interest, $1,020 as liquidated damages, and $184.16 as attorney's fees upon this cause of action.

The fourth cause of action alleged a loan by plaintiff to defendant of $150.55, set out an agreement similar to the one contained in the third cause of action, and the prayer was

for judgment in the amount of the loan, for liquidated damages, for interest and attorney's fees. The court found that the sum of $150.55 had been repaid after the commencement of the action and that plaintiff was entitled to judgment on this cause of action for $424 as liquidated damages, for which judgment was given, together with $86.26 as attorney's fees and 56 cents as interest.

The court also made a further finding that in addition to the amounts paid, as hereinbefore recited, defendant had paid to plaintiff after the commencement of the action the further sum of $553 (note: this is the amount of the difference between the sum of $830 alleged to have been loaned to defendant in the third cause of action, and the sum of $277 which the court had already found had been received by plaintiff upon account of the loan).

We will first consider the appeal of defendant. Mention has been made of two items of $1,020 and $424 awarded as liquidated damages, which are the only items now questioned by defendant. He contends that there was no evidence to sustain the court's finding that he had breached the contracts set out in the third and fourth causes of action, without which breach he could not have been held liable for liquidated damages. Conceding that the judgment is correct except for the allowance of liquidated damages, he says in his opening brief that "appellant respectfully submits that the judgment of the trial court should be modified by eliminating therefrom the two amounts of damages allowed on the third cause of action and the fourth cause of action in the sum of $1,020 and $425, respectively, and the balance on the remaining part of the judgment should be affirmed." Deduction of $1,425 from $1,232.01 would leave a minus quantity which might represent money coming to defendant, but he makes no point of this and it is immaterial in view of the fact that the judgment is to be affirmed. The agreements set out in the third and fourth causes of action were entered into between plaintiff and .defendant and were dated, respectively, July 19, 1940, and October 1, 1940. On those dates plaintiff was a distributor of Macmillan oils, greases, and gasoline. Defendant was proprietor of a service station and under the first agreement obligated himself to handle Macmillan products. In material parts the agreement provided as follows:

"WHEREAS, first party desires to promote the advertis-

ing of and sale of, and to increase the goodwill of the public towards Macmillan oils, greases and gasolines, and toward Macmillan Petroleum Corporation;

"NOW, THEREFORE, first party agrees to lend to second party the sum of $830, to be used by second party to improve the said premises in the following particulars:

"Pave lot, Raise Hoist, Install Cement Slab for wash rack, Install tank, Pumbs, etc.,

"As consideration for said loan, and to carry out the desires of both parties, second party agrees:

"1.   To expend the moneys loaned for the purposes above specified, and to feature and promote the use and sale of Macmillan products.

"2.   To maintain signs upon said premises, advertising Macmillan oils, greases and gasolines, and to maintain at least Three pumps for the sale of Macmillan gasolines; to do these things for a period of Five years from the date hereof.

"3.   To repay to first party the sum of $277.00 loaned by first party, in installments as follows: $5.00 on the 15th day of each calendar month thereafter, until said sum of $277.00 shall have been paid in full, without interest, except as hereinafter provided;

"4.   To pay interest at the rate of seven per cent (7%) per annum upon all sums not paid when due, from the due date thereof to the date of full payment thereof.

"5.   That should second party fail to perform any of the obligations hereby agreed by second party to be performed, in that event, first party may, at his option declare the whole balance of said loan immediately due and payable;

"6.   That should action be commenced upon this contract, he will pay to first party without demand, a reasonable sum as and for an attorney's fee; this provision shall be effective each time action is commenced hereon;

"7.   That should second party fail to perform the obligations of paragraph 2, second party will pay to first party the sum of $5.00 per week, for each week during which second party shall fail to perform said obligations, it being agreed that that is a reasonable amount to be recovered by first party as liquidated damages for each week's default; it being further agreed by the parties that it would be impracticable or extremely difficult to fix the actual damage

which will accrue to first party by second party's failure to perform said obligations; these damages may be recovered week by week, as they accrue;''

The second agreement was for a loan of $150.55 to defendant for the improvement of his business premises; he agreed to repay the amount in installments, and his obligations with respect to the promotion, use and sale of Macmillan products and to maintain pumps were similar to those expressed in the first contract. A penalty of $2.00 per week was stipulated as plaintiff's agreed damages in case of violation of the agreement by defendant.

The court found that defendant about September 1, 1941, abandoned and repudiated his agreement of July 9, 1940, and entered into an agreement with General Petroleum Corporation to feature its products, and to handle them exclusively; that he failed to maintain three Macmillan pumps on the premises and that he declared to plaintiff that he would not further carry out any provisions of the agreement. A like finding was made with reference to defendant's breach of the agreement set out in the fourth cause of action.

Defendant's contention that the evidence did not support these findings is wholly without merit. Defendant was not obliged by the agreement to handle Macmillan products exclusively. He had three Macmillan pumps, one of General Petroleum gas and four others from which he sold gasoline of other companies. Shortly prior to the 1st of September, 1941, he made an agreement to put in three General Petroleum pumps and to feature products of that company. Under this agreement he was to transfer his lease to General Petroleum and receive back a sublease and was also to receive a substantial consideration in a sum of money to be advanced. He was to give a chattel mortgage on his premises, he gave notice of his intention to execute such a mortgage, and entered into an escrow agreement with General Petroleum. He installed two additional pumps for General Petroleum gasoline and discontinued the use of one of the Macmillan pumps. During the month of September, while his deal with General Petroleum was pending, his purchases of Macmillan gasoline dropped from a monthly average since the beginning of the year of 8,758 gallons to 2,500 gallons. During this period he urged customers who asked for Macmillan gas to try General Petroleum products. It is true that General Petroleum with-

drew from the agreement subsequent to the commencement of plaintiff's action, but the same contract was made with the branch manager of General Petroleum, acting as an individual, and he advanced to or paid defendant $7,481 for an assignment of defendant's lease on the station. This money had been advanced by General Petroleum to its branch manager, enabling him to make the deal. Defendant gave his note to General Petroleum in that amount. Defendant also stated to plaintiff at about this time that he had entered into an agreement with General Petroleum to feature its products and he endeavored to negotiate with plaintiff a settlement of any claims which the latter might have by reason of their said two contracts.

Not only was the evidence ample to sustain the findings as to defendant's breach of the agreements, but much of the material testimony to sustain these findings came from the defendant himself. We do not see how the court could have found otherwise than it did.

No criticism is directed toward those provisions of the judgment which awarded liquidated damages and attorney's fees and there has been no occasion for us to do more than satisfy ourselves as to the sufficiency of the evidence to sustain the findings that defendant failed to live up to his agreements. Defendant has shown no cause for reversal or modification of the judgment.

We now come to the appeal of plaintiff. This is presented upon the judgment roll. The sole contention is that the court misconstrued the agreement set out in the third cause of action, in that, as it is contended, it was held that defendant was obliged to repay to plaintiff not more than $277 and interest on the loan of $830, even though he failed to perform his obligations under the agreement. It is contended that when defendant violated his agreement he immediately became obligated to repay the unpaid part of the loan of $830, and that the court therefore erroneously limited his liability on the loan to $277. It is true that the court found that "on the 22nd day of October, 1941, the defendant paid to the plaintiff the sum of Two Hundred Seven Dollars ($207.00), the balance of the loan agreed by defendant to be paid to plaintiff under the terms of the contract entered into by them, and it is true that no part of the interest accruing on said sum of Two Hundred Seven Dollars ($207.00) from the 4th day of October, 1941, to and including the 22nd day of October,

1941, has been paid." But in addition to this somewhat enigmatical finding the court also found, as stated in our treatment of defendant's appeal, that defendant, on October 22, 1941, had paid the further sum of $553, which makes up the total of $830.

In order to avoid repetition, we refer to the figures set out in the beginning of our opinion. The sum of defendant's liabilities under the several causes of action as found by the court, after deducting all credits excepting the sum of $553, amounted to $1,785.01; deducting from this amount the sum of $553 gives the amount of the judgment, $1,232.01. There is no finding that defendant was required to pay only $277 of the $830 loan; there is a finding that he paid defendant $553 in addition to the $277. Plaintiff is in no position to contend that this finding was without support in the evidence, since the appeal is upon the judgment roll alone. From the record before us it appears that defendant has liquidated all of his obligations to plaintiff with the exception of the amount of $1,232.01, for which plaintiff was given judgment.

Furthermore, if it should be assumed, as plaintiff contends, that the court did construe the agreement as requiring the repayment of only $277, even in the event of defendant's default or breach of the contracts, that conclusion would have been reached after a consideration of all the evidence which was before the court and which could properly have been considered in arriving at the intention of the parties. Undoubtedly there was room for a difference of opinion as to the extent of defendant's obligation to repay. Extrinsic evidence bearing upon that question might have been quite helpful to the court in determining what the parties understood the obligation to be. Without the evidence before us which was before the trial court we could not undertake to inquire whether the interpretation given the agreement was unreasonable or inconsistent with the intentions of the parties. Counsel are in sharp disagreement as to whether there was such extrinsic evidence. We cannot assume that there was none where all intendments are in favor of the correctness of the findings and judgment. Moreover, if the entire evidence were before us we would have to make an independent study of it, unaided by anything presented in the briefs, which are devoted to a discussion of the findings.

Under these circumstances we would accept the trial court's construction of the agreement. But as we say, the findings are to the effect, not that defendant did not owe the amount of $553 in addition to the $277, but that he had paid it, and these findings are controlling upon plaintiff's appeal.

The judgment is affirmed upon each appeal.

Wood (Parker), J., and Bishop, J., pro tem., concurred.